## Chicago Bonding & Surety Co. v. P. P. Johnson & Son.

(Decided May 17, 1918.)

### Appeal from Henderson Circuit Court.

1.  Pleading—Filing—Discretion of Court.—Section 367a, of the Civil Code of Practice fixing the time in which pleadings may be filed

is liberal in its terms and vests in the trial court a broad discretion in determining whether pleadings should be permitted to be filed out of time.

2. Pleading—Failure to File—Excuse.—Section 367a, of the Civil Code of Practice provides that the excuse of a party for failing to file his pleadings within the time prescribed by the statute must be shown by affidavit; and unless so shown the trial court is not called upon to consider the question of filing a belated pleading.

3. Pleading—Filing Out of Time—Costs.—In permitting a party to file a pleading out of time, it is entirely proper for the court to place upon the delinquent party such terms as will not delay the trial of the case beyond a period that is required by a speedy preparation upon the part of the delinquent, and to require him to pay the costs incident to the filing of his belated pleading, which may be ordered to be controverted of record, if the court should deem it just to all parties concerned.

4. Pleading—Answer—Filing.—When a demurrer to a petition has been overruled the party demurring may, as provided by section 133 of the Civil Code of Practice, file an answer; and although the demurrer was filed out of time, the court should permit the defendant to file its answer, provided it presents a defense.

HENSON & TAYLOR for appellant.

JOHN C. WORSHAM, A. LEO KING, ERNEST RINGO, MARVINE D. EBLEN and F. J. PENTECOST for appellee.


OPINION OF THE COURT BY JUDGE MILLER—Reversing.

On October 11, 1915, the district board of Tubercular Sanitarium Trustees for Henderson county made a contract with the Ernest Ringo Construction Company for the construction of a tubercular sanitorium for $9,100.00; and, to secure the performance of the contract the construction company executed a bond to the district board with the appellant, the Chicago Bonding & Surety Company, as surety thereon.

Between October 11, 1915, and April 18, 1916, the appellees, P. P. Johnson & Son, furnished the contractor with materials used in the erection of the sanitorium of the agreed value of $3,018.76; and, other dealers furnished the construction company with materials that were likewise used in the construction of the sanitorium.

On April 18, 1916, P. P. Johnson & Son filed this action in the Henderson circuit court against the district board, the Chicago Bonding & Surety Company, the Ernest Ringo Construction Company, and other creditors of that company, asking that the creditors be

adjudged liens on the sanitorium property and that it be sold to satisfy the indebtedness; but if a lien could not be had against the sanitorium property the plaintiff prayed that it be given a lien on whatever sum might be due the contractor from the district board. They also asked judgment against the surety company to the extent of any balance that might be due after applying the balance due from the district board to the payment of debts.

Some of the defendants were non-residents against whom warning orders were taken. At the May term, 1916, at which the case stood for trial as to certain of the defendants, the district board filed its answer admitting it had in its hands a balance of $4,300.00, due the contractor which it subsequently paid to the commissioner. The surety company was promptly summoned and its answer was due on the third day of the May, 1916, term of the court; but none was then filed.

On May 16, 1916, on motion of plaintiffs, the case was referred to the master commissioner with instructions to take proof and report on claims as soon as possible. He filed his report on June 3, 1916, which was ordered to be laid over until the second day of the September term, for exceptions. The report showed claims aggregating $6,122.08, and $4,300.00 in the commissioner's hands for distribution.

On September 13, 1916, seven days after the time for filing exceptions to the master's report on claims had expired, the surety company was permitted to file a demurrer to the petition over the plaintiff's objection.

But, no exceptions having been filed to the commissioner's report on claims, the plaintiffs, on September 20, 1916, moved the court to confirm the report. The surety company objected to this motion and it was continued. The surety company then tendered and offered to file exceptions to the commissioner's report, to which the plaintiffs objected; and that motion was also continued. The surety company, without waiving its demurrer, then tendered and offered to file its answer to the petition to which the plaintiffs objected; and this motion was likewise continued. On the following day— September 21, 1916—the court overruled the demurrer of the surety company; overruled the motion to file exceptions to the commissioner's report; and sustained the plaintiff's motion to confirm the report.

On October 6, 1916, the commissioner filed a supplemental statement showing a pro rata distribution of 68.85 per cent. to the several creditors, which was confirmed on the tenth of that month with instructions to the commissioner to distribute the funds in his hands accordingly. The judgment gave the district board a recovery over against the surety company for the several amounts adjudged to be lien claims against the sanitorium property for the use and benefit of the several lien holders and that any creditor might have an execution issued in favor of the district board against the surety company for the amount of his claim and the costs of this action for his use and benefit.

The surety company appeals, insisting that the circuit court erred: (1) in overruling its demurrer to the petition; (2) in overruling its motion to file exceptions to the commissioner's report on claims; and, (3) in rejecting its answer and amended answer.

The circuit court filed a written opinion in which it rested its action upon two grounds: (1) that neither the demurrer, the exceptions, nor the answer had been presented in time; that all parties had been given from June 3rd, until the second day of the September term to file exceptions, but that appellant had failed within that time to do anything, and that no exceptions were tendered until September 20, 1916, when the case was under discussion upon the motion to confirm the commissioner's report; and (2) that neither the exceptions nor the answers presented a defense. So, the only question before the court is this: Did the circuit court, under the circumstances, abuse its discretion in refusing to file appellant's exceptions and answers?

It is conceded that the answer was not tendered within the time prescribed by section 367a, of the Civil Code of Practice, and that the exceptions were not tendered within the time fixed by the order. The statute, however, is very liberal in its terms and expressly vests in the trial court a broad discretion in determining whether pleadings should be permitted to be filed out of time. Weldon v. Finley, 31 Ky. L. R. 1051, 104 S. W. 101. Furthermore, it provides that the excuse for the failure to file the pleading within the time prescribed by the statute must be shown by affidavit; otherwise the litigant has not presented sufficient ground to excite the attention of the court. Again, in permitting a party to

file a pleading out of time it is entirely proper for the court to place upon the delinquent party such terms as will not delay the trial of the case beyond a period that is required by a speedy preparation upon the part of the delinquent, and to require him to pay the costs incident to the filing of his belated pleading, which may be ordered to be controverted of record, if the court should deem it proper and just to all parties concerned.

But, where the court has reopened the pleadings it is not proper for it to exclude upon the ground of former delay, subsequent pleadings that may be necessary under the code. In the case at bar the court permitted appellant to file its demurrer to the petition on September 13, 1916, a week before the plaintiff moved the court to confirm the commissioner's report. That motion, and the appellant's motions to file the exceptions and the answer then tendered, were made on September 20, 1916, with the demurrer undisposed of. On the succeeding day—September 21—the appellant's demurrer to the petition was overruled, and its motion theretofore made to file exceptions to the report and to file its answer were likewise overruled, and the report was immediately confirmed.

Section 133 of the Civil Code of Practice provides that upon a demurrer being overruled, the party demurring may plead. The court should, therefore, have admitted the appellant's answer to be filed provided it set forth a defense. The circuit court held that it did not set forth a defense and accordingly excluded it. In this ruling, however, we think the circuit court was clearly in error, since the answer, in addition to several defenses raising purely legal questions which are not now decided, expressly controverted the correctness of the claim of the plaintiff for $3,082.16, and affirmatively alleged that said claim did not exceed $2,802.28. In this respect, at least, the answer certainly stated a defense and should have been filed. The other features of the answer as amended are not now passed upon since the issues may be changed by subsequent pleadings.

Section 2472 of the Kentucky Statutes requires the commissioner to fix a time and place at which he will hear proof touching claims against the property, and at such hearing any person whose interest may be affected by the suit, may contest any claim presented. The commissioner failed, however, to follow the statute in

this respect, and the appellant was thereby deprived of his right to contest the plaintiff's claim before the commissioner. But as the answer presented the same questions that the exceptions raised, we have confined the consideration of the appeal to the case presented by the answer.

Judgment reversed and action remanded for further proceedings consistent with this opinion.